IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE – NORTHEASTERN DIVISION
AT COOKEVILLE

ROBERT MEANS,

    Plaintiff,

v.

IHOR DYMYDA, and
AZE INC. d/b/a E&O GLOBAL, INC.,

    Defendants.

Case No. 2:25-cv-00032
Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair Newbern
**JURY DEMAND**

### PARTIAL MOTION TO DISMISS COUNT THREE SOUNDING IN NEGLIGENT HIRING, TRAINING & SUPERVISION AND COUNT FIVE SOUNDING IN PUNITIVE DAMAGES

COME NOW Defendants Ihor Dymyda ("Dymyda") and AZE Inc. d/b/a E&O Global, Inc. ("E&O Global") and file their Partial Motion to Dismiss as follows:

The Court should dismiss Count III of the Complaint sounding in Negligent Hiring, Training & Supervision[1] and Count V of the Complaint sounding in Punitive Damages. These skeletal claims are conclusory and do not satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure and the standards set forth by the United States Supreme Court.

---

[1] Count III of the Complaint is labeled "Negligent Hiring, Training & Supervision." However, in Paragraph 21, Plaintiff appears to assert an additional legal conclusion sounding in negligent entrustment, averring that E&O Global was allegedly negligent in "hiring Defendant Ihor Dymyda and entrusting him with driving a commercial vehicle and failing to train and supervise him. . . ." D.E. 1-1 at ¶ 21. To the extent that Plaintiff's Complaint asserts a claim of negligent entrustment, that claim is also subject to dismissal for the same reasons that the direct negligence assertions fail to state a claim.

The pleading standards under *Twombly* and *Iqbal* require that Plaintiff pleads *plausible* facts, not *possible* inferences drawn from legal conclusions. A claim sounding in direct negligence (i.e., negligent hiring, training, and supervision) and negligent entrustment requires allegations concerning the company's knowledge that the employee or agent involved in the incident was unfit for the job and that such unfitness caused the accident at issue. *Binns v. Trader Joe's E., Inc.*, No. M2022-01033-SC-R11-CV, 2024 WL 1503703, at *10 (Tenn. Apr. 8, 2024); *Messer Griesheim Indus. V. Cryotech of Kingsport, Inc.*, 45 S.E.3d 588, 603 (Tenn. Ct. App. 2001). Plaintiffs allege no such facts. Regarding punitive damages, Plaintiffs' threadbare allegations are conclusory and devoid of any factual allegations establishing that Defendants acted recklessly or willfully, relying instead on conclusory assertions regarding Defendants' collective and undifferentiated recklessness.

Thus, the Count III asserting direct negligence against E&O Global and Count V asserting punitive damages against E&O Global and Dymyda should be dismissed with prejudice. In support of this Motion, Defendants are filing a contemporaneous Memorandum of law which is incorporated herein by reference.

Respectfully submitted,

/s/ Andrew Gardella
Lee L. Piovarcy, Esq. (TN Bar # 08202)
Andrew Gardella, Esq. (TN Bar #027247)
MARTIN, TATE, MORROW & MARSTON, P.C.
315 Deaderick Street, Suite 1550
Nashville, TN 37238
Telephone: (615) 627-0668
Facsimile: (615) 627-0669
lpiovarcy@martintate.com
agardella@martintate.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was caused to be served on the undersigned counsel via the Court's CM/ECF system on this the 7th day of May 2025:

        Kelli Lester, Esq.
        Morgan & Morgan - Nashville
        150 4th Ave North, Suite 300
        Nashville, TN 37219
        Email: klester@forthepeople.com

        /s/ Andrew Gardella