# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COOKEVILLE DIVISION

ROBERT MEANS,              )
)
    Plaintiff,           )
)
v.                           )     No. 2:25-cv-00032
)
IHOR DYMYDA, and AZE INC. d/b/a   )
E&O GLOBAL, INC.            )
)
    Defendants.         )

## MEMORANDUM OPINION AND ORDER

This case presents a straightforward question: whether Robert Means plausibly alleges that Ihor Dymyda was unfit for commercial driving and that his employer—AZE Inc.—knew or should have known as much. Federal law disqualifies commercial drivers who do not have enough proficiency to read, speak, respond, and write in English. See 49 C.F.R. § 391.11(b). Dymyda allegedly cannot speak or understand English. (Doc. No. 9 ¶¶ 18-22) ("First Amended Complaint," or "FAC"). After Means and Dymyda collided on the highway, Means sued Dymyda and AZE asserting various negligence theories—one being that AZE negligently hired Dymyda as a commercial driver because it knew (or should have known) he could not speak and understand English. Because the Court finds that the FAC plausibly alleges Dymyda's disqualification, AZE's partial motion to dismiss the negligent hiring claim[1] (Doc. No. 11) will be denied.

---

[1] Before Means amended his Complaint, AZE moved to dismiss the negligent hiring claim from the original Complaint on similar grounds (Doc. No. 7). That motion is still pending and will be denied as moot. See Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 306-07 (6th Cir. 2000) (holding that an amended complaint supersedes all previous complaints); Crawford v. Tilley, 15 F.4th 752, 759 (6th Cir. 2021) ("The general rule is that filing an amended complaint moots pending motions to dismiss.").

# I. FACTUAL ALLEGATIONS AND BACKGROUND[2]

AZE is an interstate motor carrier. (FAC ¶ 15). While driving for AZE, Dymyda caused a collision with Means's vehicle on I-40 in Cumberland County by driving too slowly and failing to pull off the highway; Means suffered "severe and permanent injuries." (Id. ¶¶ 5-8). AZE hired Dymyda even though it "knew or should have known" that Dymyda is unable to "speak and understand the English Language." (Id. ¶¶ 18-22).

# II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Venema v. West, 133 F.4th 625, 632 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 678). When determining whether the complaint meets this standard, the Court must accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

# III. ANALYSIS

The question presented is whether Means plausibly alleges that Dymyda was unfit for the job and that AZE knew or should have known as much. 49 C.F.R. § 391.11(b) sets forth qualifications for driving a commercial motor vehicle. Among them is that a driver be able to "read and speak the English language sufficiently" to be able to (1) "converse with the general

---

[2] Unless noted otherwise, the Court draws the facts in this section from the FAC (Doc. No. 9) and assumes the truth of those allegations for purposes of ruling on the instant motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

public," (2) "understand highway traffic signs and signals in the English language," (3) "respond to official inquiries," and (4) "make entries on reports and records."  49 C.F.R. § 391.11(b)(2). Means's negligent hiring claim is deficient, AZE contends, because Means fails to allege that Dymyda's inability to speak and understand English violated any of those enumerated requirements.  (Doc. No. 11-1 at 4-5).  Thus, according to AZE, it was not negligent in hiring Dymyda because federal law did not disqualify him.  Means, on the other hand, contends that Dymyda's inability to speak and understand any English whatsoever means that he could not meet any of the enumerated requirements.  (Doc. No. 13 at 2-3).[3]  The Court agrees with Means.

Under Tennessee law, a plaintiff may recover for negligent hiring, supervision, or retention of an employee if he establishes, in addition to the elements of a negligence claim, that the employer had knowledge of the employee's unfitness for the job.  Binns v. Trader Joe's E., Inc., 690 S.W.3d 241, 254 (Tenn. 2024).  To establish the employer's knowledge, the plaintiff must show that the employer knew, or should have known through the exercise of reasonable care, that the employee was not qualified to perform the work for which he was hired.  Bernard v. Amazon.com Servs., LLC, 795 F. Supp. 3d 1042, 1051 (M.D. Tenn. 2025).

Here, Means alleges that AZE hired Dymyda even though it "knew or should have known" that Dymyda is unable to "speak and understand the English Language" and is "disqualified from operating a commercial motor vehicle."  (FAC ¶¶ 20-21).  Put simply, someone who cannot speak and understand English cannot converse with the public in English, cannot understand traffic signs and signals in English, cannot respond to inquiries in English, and cannot make entries in English.  Therefore, taking Means's allegations as true, he plausibly alleges that AZE negligently hired

---

[3] The Court is not aware of—and the parties have not cited—any cases in this circuit (or others) addressing negligent hiring of an alleged disqualified commercial driver under 49 C.F.R. § 391.11(b)(2).

Dymyda: he was unfit for the job, and AZE knew or should have known as much by exercising reasonable care. See Binns, 690 S.W.3d at 254; Bernard, 795 F. Supp. 3d at 1051.

## IV. CONCLUSION

AZE's first partial motion to dismiss (Doc. No. 7) is **DENIED AS MOOT**. AZE's second partial motion to dismiss (Doc. No. 11) is **DENIED.**

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4